CLAUD SUGG, A. T. GRIMSLEY, E. D. BOWEN, W. W. BOWEN, WILLIS DIXON, ZELL LASSITER, CONNOR ROUSE, LUTHER MEADOWS AND L. C. EDWARDS, ON BEHALF OF THEMSELVES AND OTHER CITIZENS, QUALIFIED ELECTORS AND TAXPAYERS OF OLDS AND ORMONDS TOWNSHIP, v. J. E. DEBNAM, W. D. COBB, W. A. DILDY, J. E. ALBRITTON AND L. A. MEWBORN, CONSTITUTING THE BOARD OF EDUCATION OF GREENE COUNTY, AND H. G. ROBERTSON, COUNTY SUPERINTENDENT OF PUBLIC INSTRUCTION OF GREENE COUNTY.

(Filed 31 January, 1928.)

For Digest, see *Parker v. Debnam, post,* 56.

APPEAL by plaintiffs from *Nunn, J.,* at Chambers in the city of New Bern, 6 July, 1927. From GREENE. Affirmed.

*Shaw & Jones and Albion Dunn for plaintiffs.*
*J. Paul Frizelle for defendants.*

CLARKSON, J. This is a companion action to that of *Parker v. Debnam, post,* 56.

The plaintiff's questions:

"1. Has the board of education of Greene County adopted a county-wide plan of organization of its schools?

2. Does the county board of education have the power to consolidate the schools in the special tax district, created by the election of 17 May, 1927, without first complying with the rules and regulations prescribed by section 73-a of Article six of the Public School Law?"

Defendants contend: "The purpose of this action was, in part, to have declared null and void the election held in the special school taxing district on 17 May, 1927. The appellants now concede the validity

of the election, the establishment of the special school taxing district, and the validity of the special tax rate voted in the election. So that the only question now before the Court is the correctness of his Honor's judgment as to the finding of fact that the county of Greene has a county-wide plan of organization of schools adopted in conformity to the school law, and as to the conclusion of law that the act of the board of education in consolidating the several school districts embraced in and composing the special school taxing district was valid and legal."

Section 73-a of Article 6 of the Public School Law is referred to in plaintiffs' question, *supra.* See Public Laws 1923, ch. 136, 73-a, 3 C. S., 5481. Also Public Laws of N. C., Extra Session, 1924, ch. 121. This relates to the method of adopting the *county-wide plan* for any county.

The court below found the facts: "That the county of Greene has a county-wide plan of organization of schools adopted 20 August, 1925, under and pursuant and in full compliance with the provisions of section 73-a, Art. 6, of the Public School Law of North Carolina, codification of 1923; Public Laws 1923, ch. 136, Art. 6, 3 C. S., 5481, and that the board of education has worked under said plan and the modification thereof subsequently adopted in compliance with the provisions of the school law in the operation of the schools and the management of the school affairs of Greene County."

The record discloses by the affidavit of the five members of the board of commissioners for the county of Greene, that an election was called on 4 April, 1927, by said board in the special school tax district to be held on 17 May, 1927. That the call was made upon the petition presented to the board duly approved by the county board of education. "That an election had been held in said district on Tuesday, 22 February, in which there was only one polling place, to wit, Maury, and that the plaintiffs in this action, and other opponents of the election, having complained that the election was not fairly held and did not give the opponents of the measure a fair chance to express themselves at the polls for the reason that there was only one polling place, *and said election having by consent of all parties been adjudged void and of no effect,* when deponents came to order a new election to be held as herein set out on 17 May, *the plaintiffs in this action, in person and by counsel came before the board of commissioners and stated to the board that, if the board in calling said election would designate two polling places in said special school tax district instead of one, one of said polling places to be regular polling place of general elections in Ormonds Township and the other to be the regular polling place for general elections in Olds Township, and would give the plaintiffs and those in sympathy with their views, and who were opposed to said election, representation*

*in the appointment of the registrars and judges of the election, the plaintiffs, in the event said election should be carried, would abide by its result and offer no further opposition to the creation of said special school tax district or the voting of the special tax therein, and that the plaintiffs would in good faith stand by and support the same and the policy and plans of the board of education with respect to said school district and the levying and collection of the special tax therein voted to supplement the general school fund;* and that the deponents did call said election, and upon the request of the plaintiffs in this action, did designate the polling places requested by plaintiffs and did give the plaintiffs representation in the appointment of the registrars and judges of the election. Deponents further state that, upon the bringing in of the certificate of the local tax election returns by the registrars and judges of election showing that a majority of 126 registered vote was cast for the special tax, it was duly spread upon the minutes of the board of county commissioners, and by proper resolution said election was adjudged and declared carried."

The returns show: "Olds Township: Number of voters registered, 373; number of voters for, 201; number of voters against, 51. Ormonds Township: Number of voters registered, 401; number of voters for, 249; number of voters against, 152."

The court below found as a fact: "That in said election there were 774 registered and qualified voters from all the school districts embraced in the special taxing district, and that in said election the school districts, both the special tax and the nontaxing districts, voted as a unit and not separately; that from the entire registered voters 450 voted in favor of said tax and said taxing district, and 324 voted against said tax and said special taxing district, or were counted as voting against same."

It will be noted that those who voted for numbered 450; those who voted against numbered 324; for a majority of 126.

It seems in this matter there was a free ballot and a fair count. The plaintiffs lost.

We have cited the decisions bearing on the questions in *Parker v. Debnam, supra.*

From the record we can see no reason for disturbing the findings of fact or conclusions of law by the court below. The judgment is

Affirmed.